IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC. | § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | Civil Action No. 6:20-CV-01201 |
| NEXTIER OILFIELD SOLUTIONS INC. | § § § | Jury Trial Demanded |
| *Defendant.* | § § | |

## DEFENDANT NEXTIER OILFIELD SOLUTIONS INC.'S MOTION TO DISMISS PLAINTIFFS' CLAIMS

**<u>Cases</u>**

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)................................................................................. 6, 7

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018)..................................................................................... 6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)................................................................................................. 6

**<u>Statutes</u>**

28 U.S.C. § 1400(b) ................................................................................................. 3, 6, 7

# INTRODUCTION

This Court should dismiss Plaintiffs DynaEnergetics Europe GmbH's and DynaEnergetics US, Inc.'s (collectively, "DynaEnergetics") Complaint (Dkt. 1) under Fed. R. Civ. P. 12(b)(3), because Defendant NexTier Oilfield Solutions Inc. ("NexTier Oilfield") does not reside in the Western District of Texas and does not have a "regular and established place of business" anywhere in the Western District of Texas.  *See* 28 U.S.C. § 1400(b).

Plaintiffs' decision to file suit against NexTier Oilfield is inexplicable given NexTier Oilfield's own public filings. Specifically, NexTier Oilfield's official financial statements explicitly state that it is a holding company that does not conduct any business operations of its own. *See* Ex. A at p. 36 (NexTier Oilfield's Form 10-K).[1] Moreover, NexTier Oilfield's statements clearly explain that the various wireline and fracturing services are provided by and through an operating subsidiary, namely NexTier Completion Solutions Inc. ("NCS"). *See id.* Indeed, the product brochures that Plaintiffs rely on in their Complaint for the accused "GameChanger Perforating System" show that the product is owned by NCS.  *See* Dkt. 1 at Ex. C.

Similarly—and of critical importance to venue—the business locations identified in Plaintiffs' Complaint are leased and occupied by NCS, ***not*** NexTier Oilfield. Instead, as a holding company, NexTier Oilfield does not have any business operations in the Western District of Texas that would make venue proper under the law. Accordingly, NexTier Oilfield respectfully requests that the Court dismiss Plaintiffs' Complaint for lack of venue.

---

[1] Exhibits A-F referred to herein are attached as Exhibits A-F to the Declaration of Austin Berliner, filed contemporaneously herewith.

## FACTUAL BACKGROUND

On December 30, 2020, DynaEnergetics sued Defendant NexTier Oilfield for patent infringement of U.S. Patent No. 10,844,697 ("the '697 Patent"). Dkt. 1. In an attempt to support venue in the Western District of Texas, DynaEnergetics alleges that Defendant "has regular and established places of business throughout Texas and in this District, including at 6913 N. County Road 1788, Midland, TX 79707 and 310 West Wall St. 6th Floor, Midland, TX 79701." Dkt. 1 at ¶ 4. Similarly, DynaEnergetics broadly alleges that "infringement is occurring within the State of Texas and this District through Defendant's manufacture and distribution of the 'GameChanger™ Perforating System' (hereinafter referred to as "GameChanger") prewired perforating gun system at its Texas manufacturing and distribution facilities, and within the State of Texas and this District through Defendant's sales of or offers to sell the GameChanger." *Id.* at ¶¶ 7.

However, contrary to Plaintiffs' Complaint, NexTier Oilfield does not conduct any business in this District. It does not occupy, own or lease any property in this District, and it does not manufacture or sell any products in this District. Ex. 1 (Declaration of Austin Berliner) at ¶¶ 5-8. Simply put, the Defendant does not maintain any "regular and established place of business" in the Western District of Texas that would support venue under the law.

Instead, public filings clearly show that NexTier Oilfield is "a holding company that does not conduct any business operations of [its] own" Ex. A at p. 36. With regard to the fracturing and wireline services implicated by Plaintiffs' allegations, those services are provided by a subsidiary called NexTier Completion Services Inc. or "NCS," which owns, makes and uses the accused GameChanger product. Ex. 1 at ¶¶ 9-12.

As a result, the actions in this District that DynaEnergetics attributes to the Defendant are incorrect. Rather, as clearly stated in its public filings, NexTier Oilfield owns several operating

subsidiaries who are the actual providers of services and products. Ex. A at p. 36. Further, as is made clear in the exhibits attached to Plaintiffs' complaint, the accused GameChanger Perforating System is owned, made and used by NCS.   Dkt. 1 at Ex. C. For the sake of clarity, the GameChanger Perforating System is not sold or offered for sale—rather, it is made and used by NCS in completion services performed for its customers. *See* Ex. 1 at ¶¶ 11-12.

Even more problematic for DynaEnergetics, NexTier Oilfield ***does not*** have a regular and established place of business anywhere in the Western District of Texas. Although Plaintiffs attempt to support venue by identifying properties located at 6913 N. County Road 1788, Midland, TX 79707 and 310 West Wall St. 6th Floor, Midland, TX 79701, those properties are not owned or leased by Defendant. NCS, not Defendant, leases the property at 310 West Wall St. 6th Floor, Midland, TX 79701. Ex. 1 at ¶¶ 13, 15; Ex. B (7th Amendment to Lease Agreement). Likewise, NCS—through a series of mergers and name changes of the original owner, C&J Energy Services, Inc.—owns the property at 6913 N. County Road 1788, Midland, TX 79707. Ex. 1 at ¶¶ 14, 16-24; Ex. C (Warranty Deed); Ex. D (Certificate of Amendment); Ex. E (Certificate of Merger); Ex. F (Certificate of Conversion).[2] Defendant does not occupy, own, or hold any lease to the properties identified in the Complaint, or anywhere else in the Western District of Texas. *See* Ex. 1 at ¶¶ 7, 13-24.   Likewise, Defendant does not employ any employees at these two locations or anywhere else in the Western District of Texas. Ex. 1 at ¶ 6. Simply put, the Defendant does not do any of the things alleged in DynaEnergetics Complaint. *See* Ex. 1 at ¶¶ 5-8.

---

[2] As described in the Declaration of Austin Berliner, the property at 6913 N. County Road 1788, Midland, TX 79707 was initially conveyed to C&J Energy Services, Inc., which then changed its name to C&J OldCo, Inc., which then merged into C&J Spec-Rent Services, Inc., which then changed its name to NexTier Completion Solutions Inc. *See* Ex. 1 at ¶¶ 16-24.

For the reasons detailed below, Defendant NexTier Oilfield respectfully submits that venue is improper under the law and that this case should be dismissed.

## ARGUMENT

Pursuant to the patent venue statute, an infringement action may be brought only in a judicial district where the defendant "resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017). Upon motion by a defendant challenging venue in a patent case, the plaintiff bears the burden of establishing proper venue. *See, In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Plaintiffs cannot do so.

Defendant is incorporated in the state of Delaware, and therefore "resides" in the state of Delaware. *TC Heartland*, 137 S. Ct. at 1517. Therefore, venue is not proper in the Western District of Texas based on the residence of Defendant. *Id.*

Alternatively, 28 U.S.C. § 1400(b) provides that a patent infringement action may be brought "where the defendant has committed acts of infringement and has a regular and established place of business." The Federal Circuit has interpreted this portion of § 1400(b) as requiring "that 'a defendant has' a 'place of business' that is 'regular' and 'established'" in the judicial district where venue is sought. *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). The "place of business" means that "there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017). The place must also be "of the defendant" meaning that "the defendant must establish or ratify the place of business. It is not enough that the employee does so on his or her own." *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017)

6

Venue is also inappropriate under this prong of the patent statute. Defendant does not have a regular and established place of business in the Western District of Texas. Ex. 1 at ¶¶ 5-8.

The complaint alleges that Defendant has a regular and established place of business in the Western District of Texas based on purported locations at 6913 N. County Road 1788, Midland, TX 79707 and 310 West Wall St. 6th Floor, Midland, TX 79701. Dkt. 1 at ¶ 4. However, the lease on the property at 310 West Wall St. 6th Floor, Midland, TX 79701 and the deed to the property at 6913 N. County Road 1788, Midland, TX 79707 are both held by NCS and it is NCS that carries out business at these properties, not the Defendant. Ex. 1 at ¶¶ 13-24. Accordingly, the locations at 6913 N. County Road 1788, Midland, TX 79707 and 310 West Wall St. 6th Floor, Midland, TX 79701 are not "of the defendant" as required by § 1400(b), because Defendant has not established or ratified them in any way. *See*, *In re Cray Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017). Plaintiffs have identified no other locations associated with Defendant in the Western District of Texas, and Plaintiffs will not be able to identify any other locations of the Defendant in the Western District of Texas because there are none.  Ex. 1 at ¶¶ 5-8; *see also* Ex. A at p. 36. Therefore, Defendants do not have a "regular and established place of business" in the Western District of Texas and venue does not exist under either prong of § 1400(b).

The simple fact is that NexTier Oilfield is a holding company that does not provide any business services. Ex. A at p. 36; Ex. 1 at ¶ 5. Given that a small amount of due diligence on Plaintiffs' part would have revealed this fact, NexTier Oilfield respectfully requests that the Court dismiss Plaintiffs' Complaint.

## CONCLUSION

Because Defendant does not "reside" in and does not have "a regular and established place of business" in this District , this motion to dismiss for improper venue should be granted.

Dated: April 21, 2021                    Respectfully submitted,

                                         */s/ Amir H. Alavi*
                                         Amir Alavi
                                         State Bar No. 00793239
                                         **AHMAD, ZAVITSANOS, ANAIPAKOS,
                                         ALAVI & MENSING, P.C.**
                                         1221 McKinney Street, Suite 2500
                                         Houston, Texas 77010
                                         Telephone: (713) 655-1101
                                         Facsimile: (713) 655-0062
                                         aalavi@azalaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, a true and correct copy of this document has been filed electronically via the Court's CM/ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's CM/ECF filing system.


                                         */s/ Amir H. Alavi*
                                         Amir Alavi