**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No: 6:20-cv-01201 |
| v. | ) ) ) | |
| NEXTIER COMPLETION SOLUTIONS INC. | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSE FOR UNENFORCEABILITY DUE TO INEQUITABLE CONDUCT AND TO DISMISS DEFENDANT'S COUNTERCLAIMS OF NON-INFRINGEMENT AND INVALIDITY**

In accordance with Federal Rule of Civil Procedure 12, Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics"), hereby move to strike Defendant NexTier Completion Solutions Inc.'s ("NexTier") Tenth Separate Defense for Inequitable Conduct and to dismiss NexTier's First and Second Counterclaims for Non-Infringement and Invalidity of U.S. Patent No. 10,844,697 (the "'697 Patent"), respectively.

## I.  INTRODUCTION

Nearly fifteen years has passed since the U.S. Supreme Court dictated the minimum pleading standards under Rule 8 via its decisions in *Twombly/Iqbal*. Since that time, the Federal Circuit and numerous district courts have made abundantly clear that counterclaims for invalidity and non-infringement cannot merely recite the elements of these causes of action as provided in the patent statute and seek relief; consistent with *Twombly/Iqbal*, they must provide facts sufficient to allow the Court to infer entitlement to the relief requested. NexTier has not met this burden. To the contrary, its bare-bones recitation of the patent statute as the entire basis for its counterclaims for invalidity and non-infringement mirrors that of numerous counterclaims that have been dismissed by the Courts. NexTier's counterclaims should suffer the same fate.

NexTier's one-sentence allegation of inequitable conduct—pled as an affirmative defense—fares even worse. NexTier fails to even allege in its pleading that any action was taken with the requisite intent to defraud the United States Patent and Trademark Office ("PTO"). Nor does it make any attempt to plead facts that specifically identify the who, what, when, or where of any alleged material omission made with intent to defraud the PTO—as it must to successfully plead a claim for inequitable conduct under the heightened pleading standards of Rule 9. While NexTier's counterclaims fall short of the threshold pleading requirements, its inequitable conduct defense does not even attempt to approach them; nor does this paltry showing warrant the fishing

expedition that will certainly result if the inequitable conduct affirmative defense is permitted to remain in the operative pleadings.

## II. PROCEDURAL HISTORY

DynaEnergetics brought this suit for infringement of the '697 Patent on December 30, 2020. Dkt. 1. DynaEnergetics filed its First Amended Complaint on April 30, 2021. Dkt. 24. NexTier answered the First Amended Complaint on May 24, 2021, including by raising its Tenth Separate Defense for Inequitable Conduct (the "Inequitable Conduct Defense"). NexTier also brings two counterclaims, its First Counterclaim seeking a declaration of its alleged non-infringement of the '697 Patent (the "Non-Infringement Counterclaim") and its Second Counterclaim seeking a declaration regarding the alleged invalidity of the '697 Patent (the "Invalidity Counterclaim"). Dkt. 30. NexTier made no factual allegations in support of these defenses or counterclaims.

## III. LEGAL STANDARDS

### A. Pleading Standard for Inequitable Conduct Defense Pursuant to Rule 9

Under Rule 12(f), a party may move to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Cabin Foods, LLC v. Rich Prod. Corp.*, No. EP-11-CV-318-KC, 2012 WL 433115, at *1 (W.D. Tex. Feb. 8, 2012) ("[T]he proper mechanism to challenge the sufficiency of an affirmative defense is a motion to strike under Rule 12(f).") (citations omitted). The sufficiency of inequitable conduct claims is governed by Federal Circuit law, which requires particularity in accordance with Fed. R. Civ. P. Rule 9(b). *Exergen Corp. v. Wal-Mart Stores*, 575 F.3d 1312, 1326-27 (Fed. Cir. 2009); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("[A] Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law.") (citations omitted). Thus, a motion to strike

an inequitable conduct defense pursuant to Rule 12(f) should be granted where the pleadings "fail[] to meet Rule 9(b)'s requirements." *Cabin Foods*, 2012 WL 433115, at *2 (citations omitted).

"A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation, does not satisfy Rule 9(b)." *Exergen*, 575 F.3d at 1326-27 (citations omitted). Moreover, "[a] charge of inequitable conduct based on a failure to disclose will survive a motion to dismiss only if the plaintiff's complaint recites facts from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms Co. v. California Table Grape Comm'n*, 655 F.3d 1337, 1350 (Fed. Cir. 2011) (citing *Exergen*, 575 F.3d at 1318, 1330; *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc)).

### B. Pleading Standard for Counterclaims Pursuant to Rule 8

Counterclaims are subject to dismissal via Rule 12(b)(6) where they "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief may be granted, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading, therefore, should be dismissed if it merely offers "labels and conclusions," "a formulaic

recitation of the elements of a cause of action," or "naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677-78 (quoting *Twombly*, 550 U.S. at 555-57).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citations omitted).

## IV.   ARGUMENT

### A.   NexTier's Inequitable Conduct Defense Does Not Satisfy the Heightened Pleading Requirements of Rule 9 and Should Be Stricken.

Inequitable conduct occurs when a patent applicant or applicant's representative breaches his or her duty of good faith and candor by either misrepresenting or failing to disclose material information to the PTO. *See* 37 C.F.R. § 1.56; *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 488 F.3d 982, 999 (Fed. Cir. 2007). To comply with the heightened pleading requirements of Rule 9(b), a party asserting inequitable conduct must "identif[y] the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Cabin Foods*, 2012 WL 433115, at *3 (citing *Exergen*, 575 F.3d at 1328).[1]

Falling far short of meeting this requirement, NexTier's Tenth Separate Defense for Inequitable Conduct states, in its entirety, as follows:

> The asserted claims of the '697 Patent are unenforceable as asserted, in whole or in part, as a result of the patentee's and/or their agent's inequitable conduct before the United States Patent and Trademark Office, including through the patentee's and/or their agent's failure to properly disclose known, relevant prior art to the United States Patent and Trademark Office.

---

[1] Whether inequitable conduct has been properly pleaded under Rule 9(b) is governed by the precedent of the Federal Circuit because it "pertains to or is unique to patent law." *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols., P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (quoting *Intel Corp. v. Commonwealth Sci. & Indus. Research Org.*, 455 F.3d 1364, 1369 (Fed. Cir. 2006)).

Dkt. 30 at 10. Initially, NexTier fails even to include all the legal requirements for inequitable conduct in its statutory averments, reciting no failure to disclose *material* prior art to the PTO. *See Exergen*, 575 F.3d at 1326-27.[2] Even had it done so, simply mentioning each of the required elements fails to satisfy Rule 9(b). *Id.* NexTier must provide facts "from which the court may reasonably infer that a specific individual both knew of invalidating information that was withheld from the PTO and withheld that information with a specific intent to deceive the PTO." *Delano Farms*, 655 F.3d at 1350 (citations omitted). NexTier's Inequitable Conduct Defense fails to allege any facts, much less sufficient facts to meet this standard.

First, NexTier makes no attempt—as it must—to name the specific individual alleged to have breached their duty of candor to the PTO. *Cabin Foods, LLC*, 2012 WL 433115, at *4; *see also SynQor v. Artesyn Techs., Inc.*, No. 2:07–CV–497–TJW–CE, 2010 WL 3860131, at *7 (E.D. Tex. Sept. 10, 2010), *adopted by* No. 2:07–CV–497–TJW–CE, 2010 WL 3860154 (E.D. Tex. Sep 28, 2010) ("An inequitable conduct pleading must identify specific individuals, not corporations or labels such as 'attorneys,' that owed a duty of candor to the PTO and breached that duty.") (citing *Avid Identification Sys., Inc. v. Crystal Imp. Corp.*, 603 F.3d 967, 974 n.1 (Fed. Cir. 2010); *Exergen*, 575 F.3d at 1329); *Aventis Pharm. S.A. v. Amphastar Pharma. Inc.*, 525 F.3d 1334, 1352 (Fed. Cir. 2008) (Rader, J., dissenting) ("37 C.F.R. § 1.56 refers to the duty of candor and good faith possessed by '[e]ach *individual* associated with the filing and prosecution of a patent application.'"). This, alone, is sufficient to justify striking the defense from NexTier's Answer.

---

[2] Information is "material" only if a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent. *Star Scientific, Inc.* v. *R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1367 (Fed. Cir. 2008) (citations omitted). It is worth noting that several hundred references were cited during a more than year-long prosecution, underscoring the diligence and completeness of DynaEnergetics and its prosecuting attorneys and making any assertion that material prior art was omitted implausible.

NexTier also fails to plead any facts in support of the "what," "when," or "where" elements of inequitable conduct by identifying any prior art that was allegedly withheld, "which claims, and which limitations in those claims, [any] withheld references are relevant to," and where in those references the material information is found." *Cabin Foods, LLC*, 2012 WL 433115, at *5. NexTier fails to even state that the alleged omission occurred with intent to defraud the PTO—much less make any factual allegations to support such a statement. Again, these are threshold requirements and NexTier's failure to meet them justifies dismissal. *Id.* In fact, this Court routinely dismisses or strikes inequitable conduct allegations similar to those offered here by NexTier. *See, e.g., Cabin Foods, LLC*, 2012 WL 433113, at *8; *Yeti Coolers, LLC v. Bapex Int'l, LLC*, No. 1:19-CV-783-RP, 2020 WL 2114385, at *3 (W.D. Tex. May 4, 2020); *Theta IP, LLC, v. Samsung Elecs. Co., Ltd.*, No. WA:20-CV-00160-ADA, 2021 WL 2322936, at *2-3 (W.D. Tex. June 7, 2021).

In the absence of any factual allegations identifying the who, what, when, where, and how of DynaEnergetics' alleged misconduct committed before the PTO, or any allegations (factual or otherwise) that such withholding of prior art was made with intent to defraud the PTO, NexTier cannot meet its Rule 9(b) obligations to plead inequitable conduct with heightened specificity and NexTier's Inequitable Conduct Defense should be stricken pursuant to Rule 12(f).

### B. NexTier's Counterclaim for Declaratory Judgment of Invalidity Does Not State a Claim for Which Relief Can Be Granted and Should Be Dismissed.

As with its Inequitable Conduct Defense, NexTier's Invalidity Counterclaim provides nothing more than a recitation of the statute without any factual support. Other than identifying the parties and stating that DynaEnergetics has asserted infringement of the '697 Patent, the substantive allegations of NexTier's Invalidity Counterclaim are recited in its entirety below:

> 9. The '697 patent is invalid, unenforceable and/or is not infringed by NexTier, directly or indirectly.

. . .

>16. An actual case or controversy exists between NexTier and DynaEnergetics as to whether the '697 patent is invalid.
>
>17. The claims of the '697 patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 1, et seq., including but not limited to §§ 102, 103 and 112.
>
>18. A judicial declaration is necessary and appropriate so that NexTier may ascertain whether the '697 patent is invalid.

Dkt. 30 at Counterclaim ¶¶ 9, 16-18.

It is well-settled that patent invalidity claims must be supported by more than such bare-bones legal conclusions devoid of any supporting factual allegations. *See Quality Edge, Inc. v. Rollex Corp.*, 709 F. App'x 1000, 1008 (Fed. Cir. 2017) (affirming dismissal of invalidity declaratory judgment counterclaim, stating "Rollex's invalidity counterclaim merely recites various sections of the patent statute with no supporting facts"). Indeed, NexTier's conclusory allegations barely even contain the "[t]hreadbare recitals of the elements of the cause of action," which the Supreme Court has held are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Among its fatal deficiencies, NexTier has not identified the specific statute forming the basis for its allegations of invalidity, which claims are allegedly invalid, or any prior art allegedly rendering them invalid. All it has done in support of its Invalidity Counterclaim is to point to the patent statute, a tact which numerous courts have rejected in dismissing invalidity claims essentially identical to NexTier's. *See, e.g.*, *SecurityProfiling, LLC v. Trend Micro Am., Inc.*, No. 6:16-CV-01165-RWS-JDL, 2017 WL 5150682, at *5 (E.D. Tex. Mar. 21, 2017), *report and recommendation adopted*, No. 6:16-CV-01165-RWS-JDL, 2017 WL 1950810 (E.D. Tex. May 11, 2017) (dismissing defendants' deficient non-infringement and invalidity counterclaims, stating "Trend Micro merely lists the statutory provisions without providing any facts supporting

its counterclaim for invalidity"); *Moody v. Aqua Leisure Int'l*, No. 4:10-CV-1961, 2011 WL 2604840, at *2-3 (S.D. Tex. June 30, 2011) (granting motion for more definite statement as to defendant's invalidity counterclaim, stating that the counterclaim was "silent as to any facts that might serve as the basis for patent invalidity"); *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. CV 17-0491, 2019 WL 2233727, at *4 (E.D. La. May 23, 2019) (dismissing invalidity counterclaim, stating "[Defendant] Besco's allegations that merely recite the statutory provisions of 35 U.S.C. §§ 102, 103, and 112 are plainly insufficient").

NexTier's threadbare allegations cannot provide DynaEnergetics with the required notice to why NexTier is entitled to the relief requested—*i.e.,* why any of the claims of the '697 Patent should be found invalid. As there are no facts for the Court to consider, it cannot accept them as true, leaving NexTier's Invalidity Counterclaim incapable of either "rais[ing] a right to relief above the speculative level" or "stat[ing] a claim that is plausible on its face." *See Twombly*, 550 U.S. at 555, 570. NexTier's Invalidity Counterclaim should, therefore, be dismissed.

    **C.**    **NexTier's Counterclaim for Declaratory Judgment of Non-Infringement Does Not State a Claim for Which Relief Can Be Granted and Should Be Dismissed.**

In keeping with the clear trend, NexTier's Non-Infringement Counterclaim is also entirely devoid of factual support. Other than identifying the parties and stating that DynaEnergetics has brought a claim for infringement of the '697 Patent, the substantive allegations of NexTier's Non-Infringement Counterclaim is recited in its entirety below:

> 12. An actual case or controversy exists between NexTier and DynaEnergetics as to whether the '697 patent is not infringed by NexTier.
>
> 13. NexTier has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '697 patent.
>
> 14. A judicial declaration is necessary and appropriate so that NexTier may ascertain its rights regarding the '697 patent.

Dkt. 30 at Counterclaim ¶¶12-14.

While an accused infringer does not have to detail a denial of infringement in responding to a patent infringement complaint, the situation changes when that accused infringer affirmatively seeks a declaratory judgment that it does not infringe. *See SecurityProfiling*, 2017 WL 5150682, at *5. When presented as such, a counterclaim for non-infringement is indistinguishable from any other counterclaims and must comply with Rule 8 and the *Twombly/Iqbal* standards. *Id.*

NexTier's conclusory allegations do not meet this standard. Indeed, they barely even contain the "threadbare recitals of the elements of [the] cause of action," which the Supreme Court has expressly found to be insufficient. *Iqbal*, 556 U.S. at 678. Specifically, NexTier has not identified a single element of the claims of the '697 Patent that the Accused Products allegedly do not practice. Thus, it is unsurprising that numerous courts have dismissed similarly deficient non-infringement counterclaims. *See, e.g.*, *SecurityProfiling*, 2017 WL 5150682, at *5 (dismissing non-infringement counterclaim that stated only: "[N]either Trend Micro America nor Trend Micro, Inc. has infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '699 Patent, either directly, contributorily, by inducement, jointly, or in any other manner"); *Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No. 16-CV-13456, 2017 WL 4535290, at *3 (E.D. Mich. Oct. 11, 2017) (dismissing counterclaims of non-infringement and invalidity, stating "[Defendant] BesTop does not deny, nor can it, that its Counterclaim alleges non-infringement and invalidity in the most formulaic of terms, setting forth bare-bones legal conclusions and alleging no facts whatsoever that would satisfy the *Twombly/Iqbal* pleading standard"); *Tannerite Sports, LLC v. Jerent Enterprises, LLC*, 6:15-cv-00180-AA, 2016 WL 1737740 at *5 (D. Or. May 2, 2016) ("[T]he Court finds defendant has not

alleged sufficient facts that when taken as true, support a reasonable inference defendant did not sell or offer to sell a product that had no substantial non-infringing use. Defendant's non-infringement counterclaim again leaves the Court to guess which facts support its claim for relief, as detailed factual allegations remain absent from the pleading."); *Princeton Digital Image Corp. v. Konami Digital Ent. Inc.*, 2017 WL 239326, *5-6 (D. Del. Jan. 19, 2017), *report and recommendation adopted*, No. CV 12-1461-LPS-CJB, 2017 WL 1196642 (D. Del. Mar. 30, 2017), *motion to certify appeal denied*, 125 U.S.P.Q.2d 1172 (D. Del. 2017) (magistrate recommending dismissing a non-infringement declaratory judgment claim under Rule 12(b)(6) for not pleading any facts to support the averment of non-infringement).

As with its other deficient defenses and counterclaims discussed above, NexTier's insufficient non-infringement allegations presented via counterclaim cannot provide DynaEnergetics with the required notice as to why NexTier is entitled to the relief requested— *i.e.*, why any element of any claim of the '697 Patent is not met by the Accused Products. As there are again no facts for the Court to consider, it cannot accept them as true, leaving NexTier's Non-Infringement Counterclaim incapable of either "rais[ing] a right to relief above the speculative level" or "stat[ing] a claim that is plausible on its face." *See Twombly*, 550 U.S. at 555, 570. As with its Invalidity Counterclaims, NexTier's Non-Infringement Counterclaim should, therefore, be dismissed.

V. **CONCLUSION**

For the foregoing reasons, NexTier's Inequitable Conduct Defense and Invalidity and Non-Infringement Counterclaims are insufficient as a matter of law. DynaEnergetics, therefore, respectfully requests that the Court strike NexTier's Inequitable Conduct Defense and dismiss the Invalidity and Non-Infringement Counterclaims (Dkt. 30).

Dated: June 14, 2021                                  Respectfully submitted,

By: _/s/Eric H. Findlay_____
Eric H. Findlay
Texas Bar No. 00789886
Roger Brian Craft
Texas Bar No. 04972020
FINDLAY CRAFT P.C.
102 N. College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com

Barry J. Herman (admitted *pro hac vice*)
Maryland Federal Bar No. 26061
Julie C. Giardina (admitted *pro hac vice*)
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
Email: Barry.Herman@wbd-us.com
Telephone: (410) 545-5802
Email: Julie.Giardina@wbd-us.com

Preston H. Heard (admitted *pro hac vice*)
Georgia Bar No. 476319
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Email: Preston.Heard@wbd-us.com

Lisa J. Moyles (admitted *pro hac vice*)
Connecticut State Bar No. 425652
Jason M. Rockman (admitted *pro hac vice*)
New York Bar No. 4450953
MOYLES IP, LLC
One Enterprise Drive, Suite 428
Shelton, CT 06484
Telephone: (203) 428-4420
Email: lmoyles@moylesip.com
Email: jrockman@moylesip.com

*Attorneys for Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/Eric H. Findlay*
Eric H. Findlay