**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **DYNAENERGETICS EUROPE GMBH,** | § | |
| **and DYNAENERGETICS US, INC.** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:20-CV-01201** |
| | § | |
| **NEXTIER COMPLETION** | § | **Jury Trial Demanded** |
| **SOLUTIONS INC.** | § | |
| | § | |
| *Defendant.* | § | |

---

**DEFENDANT NEXTIER COMPLETION SOLUTIONS INC.'S FIRST AMENDED**
**ANSWER AND COUNTERCLAIMS TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

Defendant NexTier Completion Solutions Inc. ("NexTier" or "Defendant") files this First Amended Answer and Counterclaims to Plaintiffs' First Amended Complaint.  In support, Defendant states the following:

## I.      THE PARTIES

1.      Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and therefore denies the same.

2.      Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, and therefore denies the same.

3.      Defendant admits to the allegations in Paragraph 3.

4.      Defendant admits that it has places of business at 6913 N. County Road 1788, Midland, Texas 79707 and at 310 West Wall Street 8th Floor, Midland, Texas 79701. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4, and therefore denies the same.

5.     Defendant admits to the allegations in Paragraph 5.

6.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and therefore denies the same.

## II.     JURISDICTION AND VENUE

7.     Defendant admits that Paragraph 7 purports to state a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

8.     Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Defendant denies the allegations in Paragraph 9.

10.     Defendant admits that NexTier Oilfield Solutions Inc. stated in its Motion to Dismiss (Dkt. 22) that "the business locations identified in Plaintiff's Complaint are leased and occupied by NCS, *not* NexTier Oilfield." Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10, and therefore denies the same.

11.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and therefore denies the same.

12.     Defendant admits that venue is proper under the cited statutes but denies that venue in this District is appropriate or convenient under, at least, 28 U.S.C. § 1404.

13.     Defendant admits that it filed a declaratory judgment action in the Southern District of Texas. Defendant admits that it cited to DynaEnergetics' September 11, 2020 letter to NexTier Oilfield Solutions Inc.'s president, Mr. Robert Drummond, in its Southern District of Texas declaratory judgment filing. Defendant denies the remaining allegations in Paragraph 13.

## III.   FACTS

14.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and therefore denies the same.

15.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     Defendant admits that the '697 Patent is titled "PERFORATION GUN COMPONENTS AND SYSTEM."  Defendant admits that the face of the copy of the '697 Patent attached as Exhibit A to the Complaint states that it was issued on Nov. 24, 2020 and states that the Assignee is DynaEnergetics Europe GmbH.  Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and therefore denies the same.

17.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and therefore denies the same.

18.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Defendant denies that it has, either alone or in concert, distributed, sold or offered to sell the GameChanger in the United States, including within the State of Texas and within this District.  Defendant denies that it has, either alone or in concert, manufactured the GameChanger within this District. Defendant admits that it has manufactured the GameChanger within the Southern District of Texas. Defendant admits that it has used the GameChanger in the United States, including within the State of Texas and within this District.

20.     Defendant admits that Exhibit B to the Amended Complaint appears to be a copy of a webpage from NexTier Oilfield Solutions Inc.'s website, http://nextierofs.com, picturing and

describing aspects of the GameChanger. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20, and therefore denies the same.

21.     Defendant admits that Exhibit C to the Amended Complaint appears to be a PDF that states it was available at NexTierOFS.com and provides information about the GameChanger. Defendant lacks the knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 21, and therefore denies the same.

22.     Defendant denies the allegations in Paragraph 22.

23.     Paragraph 23 purports to recite Claim 1 of the '697 Patent.  To the extent Plaintiffs' recitation differs from the actual limitations of Claim 1 of the '697 Patent, Defendant denies the allegations of Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and therefore denies the same.

31.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and therefore denies the same.

33.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and therefore denies the same.

34.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and therefore denies the same.

35.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and therefore denies the same.

36.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and therefore denies the same.

37.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and therefore denies the same.

38.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and therefore denies the same.

39.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and therefore denies the same.

40.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and therefore denies the same.

41.     Defendant denies the allegations in Paragraph 41.

42.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and therefore denies the same.

43.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and therefore denies the same.

44.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and therefore denies the same.

45.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and therefore denies the same.

46.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and therefore denies the same.

47.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and therefore denies the same.

48.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and therefore denies the same.

49.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and therefore denies the same.

50.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and therefore denies the same.

51.     Defendant admits that Exhibit K to the Amended Complaint is a copy of a letter sent to NexTier Oilfield Solutions Inc.'s president on September 11, 2020. Defendant denies the remaining allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

**COUNT I – INFRINGEMENT OF THE '697 PATENT (GAMECHANGER)**

55.     Defendant repeats and incorporates by reference its responses contained in the foregoing paragraphs, as if stated fully herein.

56.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and therefore denies the same.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant denies the allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

## COUNT II – INFRINGEMENT OF THE '697 PATENT (SWM)

61.     Defendant repeats and incorporates by reference its responses contained in the foregoing paragraphs, as if stated fully herein.

62.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and therefore denies the same.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

## COUNT III – INFRINGEMENT OF THE '697 PATENT (G&H)

67.     Defendant repeats and incorporates by reference its responses contained in the foregoing paragraphs, as if stated fully herein.

68.     Defendant lacks the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68, and therefore denies the same.

69.     Defendant denies the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

72.     Defendant denies the allegations in Paragraph 72.

## IV.    ATTORNEYS' FEES

73.    Defendant denies the allegations in Paragraph 73.

## V.    JURY DEMAND

74.    Plaintiffs' demand for a jury trial does not require a response by Defendant.

## VI.    PRAYER FOR RELIEF

75.    Defendant denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in Paragraphs A–H of Plaintiffs' Prayer for Relief.

## DEFENSES

Defendant incorporates by reference as if fully set forth herein its responses to Paragraphs 1– 75 of Plaintiffs' Complaint. To the extent not expressly admitted above, Defendant denies the factual allegations contained in the Complaint. Without assuming any burden other than that imposed by operation of law and without reducing or removing Plaintiffs' burdens of proof on its affirmative claims, Defendant alleges and asserts the following defenses in response to Plaintiffs' Complaint and Plaintiffs' assertion of infringement of the '697 Patent, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition, Defendant specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST SEPARATE DEFENSE
## (FAILURE TO STATE A CLAIM)

1.    Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE
## (NON-INFRINGEMENT)

2.      Defendant has not infringed, and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '697 Patent, whether directly, indirectly, contributorily, by inducement, individually, jointly, willfully, or otherwise.

## THIRD SEPARATE DEFENSE
## (INVALIDITY)

3.      The claims of the '697 Patent are invalid for failure to comply with one or more of the statutory requirements of or conditions for patentability specified by 35 U.S.C. §§ 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions as will be explained in Defendants' P.R. 3-3 Disclosure of Invalidity Contentions and Defendants' Ineligibility Contentions.

## FOURTH SEPARATE DEFENSE
## (PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER)

4.      Plaintiffs are precluded from construing any valid claim of the '697 Patent to be infringed, literally or under the Doctrine of Equivalents, due to admissions, arguments, amendments, representations, and/or statements made to the U.S. Patent and Trademark Office (a) during prosecution of the '697 Patent, (b) in the specification and claims of the '697 Patent, and/or (c) during the prosecution of patents and applications related to the '697 Patent.

## FIFTH SEPARATE DEFENSE
## (NO WILLFUL INFRINGEMENT)

5.      Plaintiffs are not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiffs have failed to show, and cannot show, that any infringement has been willful and/or egregious.

9

## SIXTH SEPARATE DEFENSE
## (LIMITATION ON DAMAGES)

6.      Plaintiffs' claims for relief are statutorily limited in whole or in part by 35 U.S.C. § 286.

7.      To the extent that Plaintiffs or any licensee of the '697 Patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Defendant's actions allegedly infringed any claim of the '697 Patent, Defendant is not liable to Plaintiffs for the acts alleged to have been performed before Defendant received actual notice of infringement. On information and belief, Plaintiffs' claims are barred, in whole or in part, or otherwise limited pursuant to 35 U.S.C. § 287.

## SEVENTH SEPARATE DEFENSE
## (COSTS)

8.      Plaintiffs are precluded by 35 U.S.C. § 288 from recovering costs associated with its action.

## EIGHTH SEPARATE DEFENSE
## (NO ENTITLEMENT TO INJUNCTIVE RELIEF)

9.      Plaintiffs are not entitled to injunctive relief. Under *eBay v. MercExchange*, LLC, 126 S. Ct. 1837, 547 U.S. 388 (2006) any alleged injury to Plaintiffs would not be immediate or irreparable, Plaintiffs would have an adequate remedy at law, and the balance of hardships does not warrant injunctive relief.

## NINTH SEPARATE DEFENSE
## (LACHES, ESTOPPEL, UNCLEAN HANDS)

10.     The asserted claims of the '697 Patent are unenforceable as asserted, in whole or in part, by laches, estoppel, and/or unclean hands.

## COUNTERCLAIMS

Without waiver of any rights, NexTier asserts the following counterclaims against

DynaEnergetics Europe GmbH ("DynaEnergetics Europe") and DynaEnergetics US, Inc. ("DynaEnergetics US") (collectively "DynaEnergetics"), and upon information and belief states as follows:

## THE PARTIES

1.      NexTier Completion Solutions Inc. ("NexTier") is a corporation organized under the laws of the State of Delaware, having a principal place of business at 3990 Rogerdale Road, Houston, Texas 77042.

2.      On information and belief, DynaEnergetics Europe GmbH ("DynaEnergetics Europe") is a corporation organized under the laws of Germany, with its headquarters at Kaiserstrasse 3, 53840 Troisdorf, Germany.

3.      On information and belief, Defendant DynaEnergetics US, Inc. ("DynaEnergetics US") is a corporation organized under the laws of the State of Colorado, with its headquarters at 2050 W. Sam Houston Pkwy S., Suite 1750, Houston, TX 77042-3659.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of these counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5.      DynaEnergetics has consented to personal jurisdiction by commencing this action for patent infringement in this judicial district, as set forth in DynaEnergetics' Complaint.

6.      DynaEnergetics has consented to venue in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400 for these counterclaims.

## FACTUAL BACKGROUND

7.      NexTier restates and incorporates by reference the allegations in its paragraphs 1 through 6 above as if set forth fully herein.

8.     In its Complaint, DynaEnergetics alleges that NexTier has infringed U.S. Patent No. 10,844,697 ("the '697 Patent") by making, using, selling and/or offering for sale in the United States products that allegedly practice one or more claims of the '697 Patent.

9.     The '697 Patent is invalid and/or is not infringed by NexTier, directly or indirectly.

10.    Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '697 Patent.

**FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. PATENT NO. 10,844,697**

11.    NexTier restates and incorporates by reference the allegations in its paragraphs 1 through 10 above as if set forth fully herein.

12.    An actual and justiciable case or controversy exists between NexTier and DynaEnergetics as to whether the '697 Patent is not infringed by NexTier.

13.    NexTier has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '697 Patent.

14.    By way of example and without limitation, claim 1 of the '697 Patent requires "an electrical connection assembly comprising . . . a tandem seal adapter" ("tandem seal adapter ('TSA') limitation").   The "Accused Products," which include the GameChanger, Thunder Disposable Gun System, PerfAlign Self-Orienting Gun System, PerfStorm Prewired Disposable Gun System, and/or Yellow Jacket Oil Tools Pre-Wired Perforating Gun, do not satisfy the TSA limitation, as that term is used and understood by one of ordinary skill in the art in light of the '697 Patent specification, because the Accused Products use an intermediate sub component to connect multiple perforating guns instead of a TSA.  Therefore, NexTier  has not and does not make, use, sell, or offer to sell any product that includes the TSA limitation, so does not infringe, directly or indirectly, at least claim 1 of the '697 Patent.

15.     Accordingly, a judicial declaration is necessary and appropriate so that NexTier may ascertain its rights regarding the '697 Patent and ascertain that NexTier's making, use, selling, or offering to sell the Accused Products does not infringe the '697 Patent.  Absent a declaration that NexTier does not infringe the '697 Patent, DynaEnergetics will continue to wrongfully assert NexTier infringes the '697 Patent, thereby causing NexTier harm and injury.

### SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,844,697

16.     NexTier restates and incorporates by reference the allegations in its paragraphs 1 through 15 above as if set forth fully herein.

17.     An actual case or controversy exists between NexTier and DynaEnergetics as to whether the claims of the '697 Patent are invalid.

18.     The claims of the '697 Patent are invalid for failure to satisfy one or more requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 102, 103 and 112.

19.     By way of example and without limitation, claim 1 of the '697 Patent is invalid under at least § 102(a)(2) in view of U.S. Patent No. 10,077,641 to Rogman ("Rogman '641).

20.     Rogman '641 has an effective priority date of December 4, 2012 under § 102(d) via PCT/US13/73094 (filed December 4, 2013) (published as WO 2014/089194A1) and U.S. Provisional Application No. 61/733,129 (filed December 4, 2012) that describe the subject matter. Thus,  Rogman '641 is prior art to the claims of the '697 Patent.

21.     The preamble of claim 1 of the '697 Patent requires "[a]n electrical connection assembly for establishing an electrical connection in a tool string, the connection assembling comprising…."  Insofar as the preamble of claim 1 is limiting, Rogman '641 discloses this limitation because it teaches connecting perforation gun assemblies is series as part of a tool string such that electrical communications can traverse the string to gather information and addressably

detonate one or more guns in the string.  *See, e.g.*, Rogman '641 at page 1 at (54 - Title) and (57 - Abstract); *see also* 1:6–15; 3:46-4:3; 5:46–56; 7:4–32; 8:14–24; 8:25–65; Figs. 1, 3, & 5.

22.    Claim 1 of the '697 Patent also requires "a tandem seal adapter having a first end, a second end and a bore that extends from the first end to the second end and entirely through the tandem seal adapter."  Rogman '641 discloses this limitation, because Rogman '641 teaches what it calls a bulkhead that corresponds to the '697 Patent's TSA, and the bulkhead has a bore that extends entirely through it.  *See, e.g.*, Rogman '641 at 3:46–4:3; Figs. 1 & 3.

23.    Claim 1 of the '697 Patent also requires "a perforation gun system comprising a first outer gun carrier, a shaped charge, and a first detonator, wherein the shaped charge and the first detonator are positioned within the first outer gun carrier, wherein the first outer gun carrier is connected to the first end of the tandem seal adapter."  Rogman '641 discloses this limitation, because Rogman '641 teaches a perforation gun system with an outer gun carrier, shaped charge, and first detonator positioned within the gun carrier, wherein the TSA connects to the outer gun carrier at least via keys in the carrier. *See, e.g.*, Rogman '641 at 1:42–58; 3:13–24; 3:46–4:3; 6:12–32; Figs. 1 & 4.

24.    Claim 1 of the '697 Patent also requires "a pressure bulkhead having an outer surface, a first end and a second end, the outer surface of the pressure bulkhead is sealingly received in the bore of the tandem seal adapter."  Rogman '641 discloses this limitation, because Rogman '641 teaches a "seal" or corresponding to the '697 Patent's "pressure bulkhead" that has an outer surface, first end and second end, and is sealingly received in the bore of Rogman's bulkhead corresponding to the '697 Patent's TSA. *See, e.g.*, Rogman '641 at 3:46–4:3; Figs. 1 & 3.

25.    Claim 1 of the '697 Patent also requires "the pressure bulkhead also having a pin

14

connector assembly extending through the pressure bulkhead from a first pin connector end to a second pin connector end, and configured to relay an electrical signal from the first end of the pressure bulkhead to the second end of the pressure bulkhead, wherein the first pin connector end extends beyond the first end of the pressure bulkhead and the second pin connector end extends beyond the second end of the pressure bulkhead." Rogman '641 discloses this limitation, because Rogman '641 teaches its seal has a pin connector assembly that could be a coaxial cable that extends through and beyond the ends of its seal and is configured to relay an electrical signal from the first end of the seal to the second end of the seal. *See, e.g.*, Rogman '641 at 3:46–4:3; 7:46–63; Figs. 1, 3, 5.

26.     Claim 1 of the '697 Patent also requires "wherein the first detonator is in electrical communication with the pin connector assembly." Rogman '641 discloses this limitation, because Rogman '641 teaches the first detonator is in electrical communication with the pin connector assembly at least when the switch connects the detonator to the cable through the pin connector assembly on command. *See, e.g.*, Rogman '641 at 1:6–15; 1:50–58; 1:59–2:4; 7:4–32; 8:25–65; Fig. 5.

27.     Claim 1 of '697 Patent also requires "wherein the tandem seal adapter and the pressure bulkhead are configured to provide a seal between the detonator and an environment on the second end of the tandem seal adapter."  Rogman '641 discloses this limitation, because Rogman '641 teaches its bulkhead corresponding to the '697 Patent's TSA isolates the loading tube and its internal components from the environment on the second end, including external wellbore fluids. *See, e.g.*, Rogman '641 at 3:13–24; Figs. 1 & 5.

28.     Therefore, at least claim 1 of the '697 Patent is invalid under at least § 102(a)(2) because at least Rogman '641 discloses each and every limitation of claim 1 of the '697 Patent.

29.     Accordingly, a judicial declaration is necessary and appropriate so that NexTier may ascertain whether the claims of the '697 Patent are invalid, as NexTier may not infringe an invalid claim.   Absent a declaration the '697 Patent claims are invalid, DynaEnergetics will continue to wrongfully assert NexTier infringes invalid '697 Patent claims, thereby causing NexTier harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, NexTier, reserving its right to amend the pleadings to add counterclaims and further defenses if warranted by discovery, prays for the following relief:

A.     A judgment dismissing Plaintiffs' Complaint against NexTier with prejudice.

B.     A judgment in favor of NexTier on all of its counterclaims.

C.     A declaration that NexTier has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the '697 Patent.

D.     A declaration that the '697 Patent is invalid.

E.     An award to NexTier of its fees and expenses of litigation.

F.     A judgment limiting or barring Plaintiffs' ability to enforce the '697 Patent in equity.

G.     Such other and further relief as this Court may deem just and proper.

## DEFENDANT'S DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury of all issues so triable.

Dated:  June 28, 2021                              Respectfully submitted,


                                                   /s/ Amir H. Alavi
                                                   Amir Alavi
                                                   State Bar No. 00793239
                                                   Michael McBride
                                                   State Bar No.: 24065700
                                                   **AHMAD, ZAVITSANOS, ANAIPAKOS,**
                                                   **ALAVI & MENSING, P.C.**
                                                   1221 McKinney Street, Suite 2500
                                                   Houston, Texas 77010
                                                   (713) 655-1101
                                                   aalavi@azalaw.com
                                                   mmcbride@azalaw.com

                                                   **ATTORNEYS FOR DEFENDANT**
                                                   **NEXTIER COMPLETION SOLUTIONS, INC.**


### CERTIFICATE OF SERVICE

        I hereby certify that on June 28, 2021, a copy of the foregoing was served on the following
party electronically through the U.S. District Court, Western District of Texas ECF system to all
counsel of record all of whom are Filing Users of the Court's Electronic Filing System.

                                                   /s/ Amir Alavi
                                                   Amir Alavi