IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| DYNAENERGETICS EUROPE GMBH and DYNAENERGETICS US, INC., | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 6:20-CV-01201-ADA |
| NEXTIER COMPLETION SOLUTIONS INC., | § § § § | Jury Trial Demanded |
| *Defendant.* | § § § | |

## DEFENDANT'S MOTION TO STAY PENDING RESOLUTION OF PATENT OWNERSHIP DISPUTE

### I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") allege that Defendant NexTier Completion Solutions Inc. ("NexTier") infringes U.S. Patent No. 10,844,697 ("the '697 patent"). However, on August 26, 2021, third-party SWM International, LLC ("SWM") filed an action in the U.S. District Court for the District of Colorado seeking a declaratory judgment that it is the co-owner of the '697 Patent (the "SWM Action"). *See* Exhibit A (*SWM International, LLC v. DynaEnergetics Europe GmbH*, Case No. 1:21-cv-2315 (D. Co.) at Dkt. 1).

Specifically, SWM alleges that DynaEnergetics used misrepresentations and other improper means to induce David C. Parks, one of the inventors of the '697 Patent, to assign his company's rights in the invention to DynaEnergetics. Ex. A at ¶¶ 28–39. SWM further alleges that upon learning of DynaEnergetics' misrepresentations and subsequent enforcement activities against SWM and others, Mr. Parks executed a new assignment transferring JDP's rights in the '697 Patent to SWM. Ex. A at ¶ 40. This assignment forms the basis of the SWM action: SWM

1

seeks a declaration that the original assignment to DynaEnergetics is void and voidable and that SWM is a co-owner of the '697 Patent.

Given that this dispute over the ownership of the '697 Patent could result in a standing problem that would require the dismissal of DynaEnergetics' pending claims, NexTier believes it prudent to raise this issue to the Court and to respectfully request a stay of the litigation in order to conserve party and judicial resources. Similarly, per the Scheduling Order in this present case, litigation is in its early stages, claim construction has barely begun, and trial is not scheduled until 2023. *See* Dkt. 44, Agreed Proposed Scheduling Order. Accordingly, in the interest of efficiency for the parties and this Court, NexTier respectfully requests that this Court stay the proceedings in this case until the ownership of the asserted patent has been resolved by the Colorado district court.

## II. STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The issue before this Court is whether a stay pending resolution of the SWM Action (which could be dispositive of some or all claims involved in this litigation) would simplify the issues related to the '697 Patent and reduce the burden of litigation on the parties and this Court without unfair prejudice to DynaEnergetics.

## III. LEGAL STANDARDS

An action for patent infringement "must join as plaintiffs all co-owners." *AntennaSys, Inc. v. AQYR Techs.*, 976 F.3d 1374, 1378 (Fed. Cir. 2020). A lack of statutory standing is grounds for a Rule 12(b)(6) dismissal. *Id*. at 1380.

A district court has the inherent power to control its own docket, including the power to stay the proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). This Court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). This includes protecting a party from discovery that creates undue burden or expense. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990).

When considering a motion to stay, the Court should determine: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Dwyer v. USAA Savings Bank*, 2017 WL 7805760, at *1 (W.D. Tex. 2017); *see also Murata Mach. USA v. Daifuku Co.*, Ltd., 830 F. 3d 1357, 1361 (Fed. Cir. 2016). Courts may also consider, as a fourth factor, whether the stay will reduce the burden of litigation on the court and the parties. *Id*. at 1362. A stay is generally appropriate if the motion for a stay is made early in the proceedings and a stay is unlikely to prejudice the plaintiff. *Dwyer*, 2017 WL 7805760 at *1.

## IV. ARGUMENT

Good cause exists to grant NexTier's motion to stay, because DynaEnergetics' right to bring suit has been called into question. *See Optimal Golf Sol., Inc. v. Altex Corp.*, No. 3:09-CV-1403-K, 2009 WL 10733424, at *1 (N.D. Tex. Sept. 30, 2009); *Gen-Probe Inc. v. Amoco Corp. Inc.*, 926 F. Supp. 948, 963–64 (S.D. Cal. 1996). Further, staying the case will not unduly prejudice DynaEnergetics because a stay will potentially simplify the issues at an early stage in this case, allowing all parties (and this Court) to avoid the risk of wasting substantial time and expense. Finally, because this case is still in the early stages, DynaEnergetics is unlikely to suffer any prejudice from a temporary pause in these proceedings.

**A.    DynaEnergetics will not be unduly prejudiced or tactically disadvantaged if a stay is granted.**

As a threshold matter, "[b]ecause delay results inherently from the issuance of a stay, courts have found that 'mere delay does not without more, necessitate a finding of undue prejudice and clear tactical disadvantage.'" *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147 at *2 (D.N.J. Sep. 28, 2015); *see also Transocean Offshore Deepwater Drilling, Inc. v. Seadrill Ams., Inc.*, 2015 WL 6394436, at *2 (S.D. Tex. Oct. 22, 2015) ("Mere delay that inherently results from a stay does not constitute prejudice sufficient to deny a request for stay.") (citing *Semiconductor*

3

*Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 WL 7170593, at *3 (C.D. Cal. Dec. 19, 2012) and *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, 2012 WL 5599338, at *4 (D. Del. Nov. 15, 2012)). Thus, the fact that resolution of the present case will be delayed is insufficient to warrant denial of SWM's motion.

DynaEnergetics has not sought a preliminary injunction or other equitable relief against any defendant that that it has asserted the '697 Patent against in this Court. *See*, Case Nos. 6:20-cv-1201-ADA; 6:21-cv-00085-ADA; 6:21-cv-00349-ADA; 6:21-cv-00371-ADA. To the extent DynaEnergetics claims it will be prejudiced through a delay in these proceedings, there is no likelihood of damage or harm merely because a stay could cause a delay to the plaintiff in receiving money damages. *Nomadix, Inc v. Guest-Tek Interactive Entm't Ltd.*, 2018 WL 6137179, at *2 (C.D. Cal Apr. 18, 2018). This is insufficient prejudice to deny a stay. *Id.* at *3.

Moreover, because the SWM Action is potentially case-dispositive (or at least partially dispositive), all parties—including DynaEnergetics—will be unduly prejudiced if this case proceeds forward before the ownership of the '697 Patent is resolved. *See Rmail Ltd. v. Amazon.com, Inc.*, 2014 WL 11394910, at *6 (E.D. Tex. Jan. 30, 2014) ("Allowing plaintiffs to first litigate the state law ownership issues in California will streamline these cases and avoid unnecessary costs and efforts on behalf of all the parties."). If there is a risk of undue prejudice, it lies in the prospect of incurring the "massive costs that proceeding with this litigation would entail" only to have it later determined that DynaEnergetics was not actually entitled to pursue the asserted claims. *Gen-Probe*, 926 F. Supp. at 964.

**B.    A stay will simplify the issues in this case.**

Courts routinely stay infringement actions when ownership of the asserted patent is being disputed in another forum. For example, in *Optimal Golf*, 2009 WL 10733424 at *1, Judge Kinkeade noted that the ownership of "the patent at issue is uncertain at this point in time. . . . This issue must be clarified before the parties and this Court can proceed in this case." *See also Dwyer*

4

*v. USAA Savings Bank*, 2017 WL 7805760, at *2 (W.D.Tex., 2017) (granting a motion to stay because resolution of a parallel case "could streamline this case.").

The outcome of the SWM Action has the potential to entirely negate (through the doctrine of patent exhaustion) at least Count II of DynaEnergetics' Amended Complaint (Dkt. 24), which alleges that NexTier has infringed "the '697 Patent via manufacture, use, or sale" of various SWM products. In other words, if SWM is a co-owner of the patent, then all patent rights to the SWM products would be exhausted by SWM's sale of those products to NexTier. *See Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 618 (2008). There would no longer be a need to perform an infringement or damages analysis regarding the SWM products.

Additionally, if SWM is determined to be a co-owner of the '697 Patent, DynaEnergetics would no longer have statutory standing to sue NexTier without SWM joining, because an action for infringement "must join as plaintiffs all co-owners" *AntennaSys*, 976 F.3d at 1378. A lack of statutory standing is grounds for a Rule 12(b)(6) dismissal. *Id.* at 1380. Indeed, a determination that the plaintiff does not have the right to pursue the asserted infringement claims is the "ultimate simplification of the issues." *RPost Holdings, Inc. v. Exacttarget, Inc.*, 2014 WL 12703780, at *3 (E.D. Tex. Sep. 29, 2014).

C.  **The case is in its early stages.**

"Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court." *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014); *see also Lubrizol Specialty Prod., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017) (granting a stay and determining the case was at an early stage because the parties had not provided expert reports, had not engaged in expert discovery, and had taken few depositions).

Claim construction briefs have not yet been filed, discovery does not open until January 4, 2022, and trial is not set until January 3, 2023. *See* Dkt. 44 (Proposed Scheduling Order). As a

result, the parties have neither exchanged discovery nor engaged in developing expert reports regarding the issues of infringement, invalidity and damages. In short, virtually all of the work necessary to bring this case to trial still remains to be completed by the parties and this Court. Accordingly, this case is at an early stage. *See Rmail*, 2014 WL 11394910 at *6 (concluding that the "early posture . . . supports a stay" where the case "has just started claim construction briefing"). This factor weighs in favor of granting a stay.

**D.     Granting a stay until the resolution of the declaratory judgment action would save cost and effort for both parties and this Court and reduce the burden of this litigation.**

Because the recent dispute over the ownership of the '697 Patent could result in a standing problem that would require the dismissal of DynaEnergetics' pending claims—and because this case is still at an early stage and would substantially benefit from the resolution of that dispute—NexTier respectfully submits that the Court should temporarily stay this case until the SWM Action is decided by the Colorado district court. *RMail*, 2014 WL 11394910, at *6.

## V. CONCLUSION

Staying this case in its early stages would not unduly prejudice DynaEnergetics. Instead, it would simplify the issues at trial and conserve costs for the parties and this Court. For the foregoing reasons, NexTier respectfully requests that this Court grant the requested stay.

Dated: October 7, 2021

Respectfully submitted,

/s/ *Amir Alavi*
Amir Alavi
State Bar No. 00793239
Demetrios Anaipakos
State Bar No. 00793258
Michael McBride
State Bar No. 24065700
Steven Jugle
State Bar No. 24083280
Joshua Wyde
State Bar No. 24060858
Louis Liao
State Bar No. 24109471
Colin Phillips
State Bar No. 24105937
Scott W. Clark
State Bar No. 24007003
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
    & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
(713) 655-0062
aalavi@azalaw.com
danaipakos@azalaw.com
mmcbride@azalaw.com
sjugle@azalaw.com
jwyde@azalaw.com
lliao@azalaw.com
cphillips@azalaw.com
sclark@azalaw.com

**ATTORNEYS FOR DEFENDANT NEXTIER COMPLETION SOLUTIONS INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on October 6–7, 2021, counsel for NexTier conferred with counsel for DynaEnergetics by email wherein counsel for DynaEnergetics stated that they oppose the relief sought in the present motion.

/s/ *Steven Jugle*
Steven Jugle

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on October 7, 2021. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

/s/ *Amir Alavi*
Amir Alavi