# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., § § § § *Plaintiffs,* § § v. § § NEXTIER COMPLETION SOLUTIONS § INC., § § *Defendant.* § § § | Civil Action No. 6:20-cv-01201-ADA <br><br> Jury Trial Demanded |

## DEFENDANT'S MOTION TO STAY PENDING POST-GRANT REVIEW

# TABLE OF CONTENTS

I. Introduction and Factual Background ................................................................................. 1

II. Statement of the Issue to Be Ruled Upon by the Court ..................................................... 4

III. Legal Standards .................................................................................................................. 4

IV. Argument ........................................................................................................................... 5

    A. A Stay Will Simplify the Issues in this Case .................................................................. 5

    B. The Case Is in Its Early Stages—the G&H PGR Was Filed at an Early Stage, and NexTier Acted Quickly in Moving for a Stay ............................................... 7

    C. DynaEnergetics Will Not Be Unduly Prejudiced or Tactically Disadvantaged if a Stay Is Granted but There Is Hardship and Inequity to NexTier if the Action Is Not Stayed ....................................................................... 9

    D. The Southern District of Texas has stayed DynaEnergetics' Case Against Nexus ........................................................................................................................... 11

V. Conclusion ....................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) .................................................................................................. 5

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
  575 U.S. 138 (2015) ..................................................................................................................... 6

*Click–to–Call Techs. LP v. Ingenio, Inc.*,
  2013 WL 11311782 (W.D. Tex. Dec. 05, 2013) .................................................................. 7, 10

*Clinton v. Jones*,
  520 U.S. 681 (1997) ..................................................................................................................... 3

*Crossroads Systems, Inc. v. Dot Hill Systems Corp.*,
  2015 WL 3773014 (W.D. Tex. Jun. 16, 2015) ..................................................................... 4, 9

*eBay, Inc. v. MercExchange LLC*,
  547 U.S. 388 (2006) ..................................................................................................................... 9

*Frac Shack Inc. v. Alaska Fuel Distributors Inc.*,
  No. 7:19-CV-00026-ADA (W.D. Tex. Oct. 26, 2021) ............................................................ 5

*Fresenius USA, Inc. v. Baxter Int'l Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) .................................................................................................. 5

*Gen-Probe Inc. v. Amoco Corp. Inc.*,
  926 F. Supp. 948 (S.D. Cal. 1996) ........................................................................................... 10

*Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*,
  No. 6:20-CV-00200-ADA, 2021 WL 1298932 (W.D. Tex. 2021) ..................................... 4, 8

*Kirsch Research and Dev., LLC v. IKO Indus., Inc.*,
  2021 WL 4555610 (W.D. Tex. 2021) ........................................................................................ 9

*Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc.*,
  6:20-cv-00318-ADA, 2021 WL 4555804 (W.D. Tex. Oct. 5, 2021) ...................................... 5

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*,
  901 F.2d 404 (5th Cir. 1990) ..................................................................................................... 3

*Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*,
  No. H-15-2915, 2017 WL 2255579 (S.D. Tex. May 23, 2017) ............................................. 7

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
  6:18-CV-00207-ADA, 2019 WL 11706231 (W.D. Tex. 2019) .............................................. 8

*Neodron Ltd. v. Dell Techs. Inc.*,
  No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) .......................... 4

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,
  No. 6:13-cv-384, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) .............................................. 7

*Peteres v. Active Mfg.*,
  129 U.S. 530 (1889) ..................................................................................................................... 2

*Versata Software, Inc. v. Callidus Software, Inc.*,
   771 F.3d 1368 (Fed. Cir. 2014) ............................................................................................... 5

*Yeti Coolers*, *LLC v. Home Depot U.S.A.*, *Inc.*,
   No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018) ......................................... 4

**Statutes**

35 U.S.C. § 112 ............................................................................................................................... 6

35 U.S.C. § 311(b) .......................................................................................................................... 6

35 U.S.C. § 314(a) .................................................................................................................... 5, 10

35 U.S.C. § 315(e)(2) ...................................................................................................................... 6

35 U.S.C. § 321(b) .......................................................................................................................... 6

35 U.S.C. § 324(a) .................................................................................................................... 5, 10

35 U.S.C. § 325(e)(1) ...................................................................................................................... 5

35 U.S.C. § 325(e)(2) ...................................................................................................................... 6

35 U.S.C. § 326(a)(11) ............................................................................................................... 7, 8

**Federal Rules**

Fed. R. Civ. P. 26(c) ....................................................................................................................... 3

Pursuant to the Court's inherent authority to control its docket, Defendant NexTier Completion Solutions Inc. ("NexTier") respectfully moves to stay this action pending the outcome of a recently instituted post-grant review ("PGR") of the only asserted patent in this case, U.S. Patent No. 10,844,697 ("the '697 Patent"). The unique circumstances of this case strongly favor a stay, including (i) the Patent Trial and Appeal Board's ("PTAB's") initial finding of multiple grounds of unpatentability, (ii) other concurrent challenges to the enforceability of the '697 Patent including Patent Office institutions and pending challenges of the '697 Patent, (iii) the uniquely high likelihood that the PGR will simplify the issues in this case (relative to the far more common *inter partes* review ("IPR")), (iv) the early stage of this case, and (v) the lack of any meaningful prejudice to Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics").

## I. INTRODUCTION AND FACTUAL BACKGROUND

Every claim that Plaintiffs DynaEnergetics allege NexTier infringes—Claims 1, 2, 8, 9, and 10 of the '697 Patent—now face multiple, credible challenges to validity and enforceability. The most significant of these is a PGR filed by third-party G&H Diversified Manufacturing, LP ("G&H") (the "G&H PGR"), which the PTAB instituted on November 1, 2021. *See* Exhibit A (*G&H Diversified Mfg. LP v. DynaEnergetics Europe GmbH*, No. PGR2021-00078 (PTAB Nov. 1, 2021) (Paper 10)). Specifically, the PTAB instituted on *every* claim and *all* petitioned grounds, deciding it is more likely than not that the petitioner would prevail on: **ground 1**: Claim 2 is not enabled; **ground 3**: Claims 1, 2, 8, 9, and 10 are anticipated by U.S. Patent No. 10,077,641 ("Rogman"); **ground 4**: Claims 9 and 10 are obvious over Rogman in view of U.S. Patent Pub. 2013/0153205 ("Borgfeld"); and **ground 8**: Claim 8 is obvious over Rogman in view of U.S. Patent Pub. 2013/0126237 ("Burton"). *See id.* at 2, 8–9.[1] Notably, this institution decision came

---

[1] Based on this institution decision, G&H has moved to stay DynaEnergetics' case against it. *DynaEnergetics v. G&H Diversified Manufacturing, LP*, Case No. 6:20-cv-01110-ADA (W.D. Tex.) (Dkt. 58). This is notable because the product that DynaEnergetics has accused in Count III of the present case, *see* Dkt 24 (Amended Complaint) at 25–26, is the same G&H product that is

1

before DynaEnergetics had even filed its responsive claim construction brief on November 8, 2021. *See* Dkt. 61 (dated Nov. 8, 2021).

Remarkably, on the very same day, the U.S. Patent and Trademark Office ("USPTO") also instituted an *ex parte* reexamination ("EPR") of the '697 Patent based on a request filed by third-party Nexus Perforating LLC ("Nexus").[2] *See* Exhibit B (Order Granting Request for EPR). The USPTO instituted this EPR on every "substantial new question" of patentability ("SNQ") that Nexus raised: **SNQ 1**: asserted Claim 1 is anticipated by U.S. Patent No. 3,172,992 ("Boop") (*id.* at 11–12); **SNQ 2**: asserted Claims 1, 2, 8, 9 and 10 are anticipated by U.S. Patent. Pub. 2016/0084048 ("Harrigan") (*id.* at 12–13); and **SNQ 3**: asserted Claims 1, 2, 8, 9, and 10 are also anticipated by U.S. Patent No. 10,252,136 ("Goyeneche") (*id.* at 13–14).

Importantly, in making its EPR institution decision, the USPTO determined that the asserted claims have an effective filing date of June 8, 2017, which is about ***four years*** later than the July 18, 2013 effective filing date claimed on the face of the '697 Patent through continuation applications. *Id.* at 9–10; *see also* '697 Patent at (60). Given this finding, the USPTO is applying Goyeneche, Nexus's patent corresponding to the ***very product DynaEnergetics has accused Nexus of infringing***, as an anticipating reference under SNQ3. *Id.* at 13–14; *see also* Exhibit C (EPR Institution Request (Sept. 28, 2021)), at 34–38 (comparing Goyeneche to accused product); *see also* Exhibit D (Am. Complaint, *DynaEnergetics Europe GmbH v. Nexus Perforating LLC*, No. 4:21-cv-00280 (S.D. Tex.) (Dkt. 38)), at 3 (listing Ms. Goyeneche as Nexus' registered agent). ***In effect, the EPR has transformed an accused instrumentality into prior art that per se renders the patent unpatentable***.[3] *Peteres v. Active Mfg.*, 129 U.S. 530 (1889) ("That which infringes, if

---

at issue in the case against G&H. *See* Exhibit H (*DynaEnergetics v. G&H Diversified Manufacturing, LP*, Case No. 6:20-cv-01110-ADA (W.D. Tex.) (Dkt. 17)), at 13. The outcome of the G&H litigation is therefore directly relevant to NexTier.

[2] While NexTier is not moving to stay pending completion of the EPR, only the G&H PGR, NexTier submits that the EPR is an additional, relevant parallel challenge to every asserted claim.

[3] For this reason, NexTier anticipates moving to amend its invalidity contentions to at least add DynaEnergetics' infringement contentions against the accused G&H and SWM products.

later, would anticipate, if earlier"). The other two SNQs are based upon references Boop and Harrigan, which predate the '697 Patent's earliest possible priority date and are therefore available as prior art regardless of the ultimate EPR priority determination. *Id.* at 10 (published March 16, 1965); Exhibit E (Harrigan Publication) at field (60) (claiming priority to provisional filed on May 3, 2013).

Additionally, on July 20, 2020, SWM International, LLC ("SWM") filed another PGR Petition against the '697 patent, No. PGR2021-00097 ("'097 PGR"), Exhibit F, also challenging all asserted claims (but on different prior art than the G&H PGR). NexTier has joined this Petition, and the PTAB is expected to issue an institution decision regarding the '097 PGR in mid-January, 2022.[4]

And, as the Court is aware from NexTier's recent Motion to Stay Pending Resolution of Patent Ownership Dispute (Dkts. 53, 60, the "Ownership Stay Motion"), there is also a third-party action pending in the U.S. District Court for the District of Colorado challenging DynaEnergetics' ownership of the '697 Patent (the "SWM Action"). *See* Exhibit G (*SWM International, LLC v. DynaEnergetics Europe GmbH*, Case No. 1:21-cv-2315 (D. Co.) (Dkt. 1)).[5] As NexTier explained in that earlier motion, the SWM Action raises a serious question of standing, and raises the possibility of an incurable exhaustion defense to Count II, which alleges that NexTier has infringed "the '697 Patent via manufacture, use, or sale" of various SWM products. Dkt. 24 at 24–25.

For the convenience of the Court, the following table summarizes the multiple instituted challenges and grounds to the asserted claims of the '697 Patent:

---

[4] NexTier is not moving to stay pending completion of the '097 PGR, but NexTier submits that it is an additional, relevant parallel challenge to every asserted claim.

[5] NexTier does not seek to re-brief the Ownership Stay Motion here but understands that the Court may decide this motion first, and simply notes that the ownership challenge may also moot this proceeding and is yet another relevant factor that the Court may consider.

3

|  | **G&H PGR** | **EPR** |
|---|---|---|
| **Claim 1** | Ground 3, Anticipated by Rogman | SNQ 1, Anticipated by Boop<br>SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |
| **Claim 2** | Ground 1, Not Enabled<br>Ground 3, Anticipated by Rogman | SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |
| **Claim 8** | Ground 3, Anticipated by Rogman<br>Ground 8, Obvious in view of<br>   Rogman and Burton | SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |
| **Claim 9** | Ground 3, Anticipated by Rogman<br>Ground 4, Obvious in view of<br>   Rogman and Borgfeld | SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |
| **Claim 10** | Ground 3, Anticipated by Rogman<br>Ground 4, Obvious in view of<br>   Rogman and Borgfeld | SNQ 2, Anticipated by Harrigan<br>SNQ 3, Anticipated by Goyeneche |

## II. STATEMENT OF THE ISSUE TO BE RULED UPON BY THE COURT

The issue before this Court is whether—given the PTAB's finding that it is more likely than not that all asserted claims are not enabled, anticipated, and/or obvious—a stay at this early stage pending resolution of the G&H PGR would simplify the issues and reduce the burden of litigation on the parties and this Court without unfair prejudice to DynaEnergetics.

## III. LEGAL STANDARDS

A district court has the inherent power to control its own docket, including the power to stay the proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). This Court has discretion to stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). This includes protecting a party from discovery that creates undue burden or expense. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990).

In determining whether a stay pending PGR is proper, "a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Kerr Mach. Co. v. Vulcan Indus. Holdings, LLC*, No. 6:20-CV-00200-ADA, 2021 WL 1298932, at *1 (W.D. Tex. 2021) (citing *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629

4

(W.D. Tex. Dec. 16, 2019) and *Yeti Coolers*, *LLC v. Home Depot U.S.A.*, *Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868 (W.D. Tex. Jan. 8, 2018)). This test is also sometimes formulated as: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014 (W.D. Tex. Jun. 16, 2015) (quoting *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)).

## IV. ARGUMENT

This Court should grant NexTier's motion to stay because under any G&H PGR outcome, the issues in this case will be significantly simplified. But more importantly, this case is at an early stage—the claim construction hearing has not occurred and discovery is not yet open—which favors staying the case. Further, a stay will not unduly prejudice DynaEnergetics, because DynaEnergetics has conceded NexTier's alleged infringement does not rise to a level of irreparable harm needed for DynaEnergetics to seek a preliminary injunction. As set forth below in more detail, all of these factors support a stay.

**A.    A Stay Will Simplify the Issues in this Case**

This case presents an uncommon situation with a strong potential for simplification because there are now multiple overlapping bases of invalidity for each asserted claim. *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1372 (Fed. Cir. 2014) ("this simplification factor weighs more strongly in favor of a stay when all of the litigated claims are undergoing [PTAB review]"). The G&H PGR is the most notable of these, but the EPR, the '097 PGR Petition, and the SWM Action all increase the likelihood that a stay will simplify the issues in this case.

Regardless of its outcome, the G&H PGR has a significant potential to simply the issues in this case. Should the G&H PGR result in the PTAB cancelling all asserted claims, after appeals, the result is binding and will moot this pending litigation (this is true at any stage, even if this case goes forward and even after a jury finds the patent infringed). *See Fresenius USA, Inc. v. Baxter*

5

*Int'l Inc.*, 721 F.3d 1330, 1347 (Fed. Cir. 2013) (remanding with instructions to dismiss after *ex parte* reexamination found asserted claims obvious). Should DynaEnergetics amend the asserted claims, this would restart the case, necessitating plaintiff to replead and likely requiring additional claim construction. *See, e.g.*, *Frac Shack Inc. v. Alaska Fuel Distributors Inc.*, No. 7:19-CV-00026-ADA (W.D. Tex. Oct. 26, 2021) (Dkts. 82, 87) (ordering amended complaint following patent owner's amendment of claims in an IPR). And no matter the outcome, statements made by DynaEnergetics during the G&H PGR can act as a prosecution disclaimer. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017).

Moreover, because this is a PGR, the chances that all asserted claims will be cancelled is higher than in the more prevalent IPR proceedings because the PTAB has already determined that success is "more likely than not," rather than the IPR's lower "reasonable likelihood" institution standard. 35 U.S.C. §§ 324(a), 314(a). To put the significance of a PGR institution into perspective, general statistics show that of the instituted PGRs that have reached a final decision, only 16% have ended with all claims being upheld. Exhibit I (Post-Institution PGR Statistics from LexMachina.com), at 1. And the survival odds for the '697 Patent are likely even lower than the statistics would indicate, because here there are four independent instituted challenges, including those from the EPR, for each claim (as well as others in the pending '097 PGR), which increases the likelihood that the USPTO entirely moots the dispute before this Court. *Kirsch Research and Development, LLC v. Tarco Specialty Products, Inc.*, 6:20-cv-00318-ADA, 2021 WL 4555804, at *3 (W.D. Tex. Oct. 5, 2021) (finding four grounds of invalidity means "the simplification-of-issues factor overwhelms the other two factors").

Moreover, while NexTier is not seeking to stay pending any proceeding other than the G&H PGR, the stay would nonetheless have the practical effect of giving multiple, other potentially dispositive actions the opportunity to massively simplify the issues in this case. First, the '097 PGR would have time to evaluate additional grounds of invalidity that have the potential to add many more grounds of unpatentability to each asserted claim. Similarly, the stay would give the District of Colorado time to evaluate the SWM Action, which has the potential to destroy

DynaEnergetics' standing to enforce the '697 Patent. The SWM action is also specifically relevant to NexTier because even if the standing defect were cured, the doctrine of patent exhaustion would still entirely negate Count II, which contains NexTier's accusations that NexTier has infringed "the '697 Patent via manufacture, use, or sale" of various SWM products. Dkt. 24 at 24–25.

The stay would also provide time for the EPR to finalize its current finding that the effective priority date of the '697 Patent is June 8, 2017, which would likely give rise to issue preclusion in this litigation. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (holding party in district court may not relitigate TTAB issue). This would be case dispositive, as the accused G&H product would predate the '697 Patent's effective priority. *See DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110-ADA (W.D. Tex. Nov. 12, 2021), Dkt. 58 at p. 2 (G&H argues that "G&H's accused products" would be prior art). Moreover, the later priority date would mean that DynaEnergetics' own purportedly practicing product is also prior art to the Asserted Claims, because it was disclosed more than a year before the 2017 effective filing date. *See* Exhibit J (Prelim. Inj. Hr'g Tr., *DynaEnergetics Europe GmbH v. OSO Perforating, LLC*, No. 3:21-cv-00188 (N.D. Tex. Oct. 6, 2021) and *DynaEnergetics Europe GmbH v. SWM International, LLC*, No. 3:21-cv-00192 (N.D. Tex. Oct. 6, 2021)) at 27:7-8 (Mr. Grieves, President of DynaEnergetics: "[W]e launched [DynaStage] in 2014.") and 65:16-17 (Counsel for DynaEnergetics: "But as Mr. Grieves talked about, we have a sample of the DynaStage product that practices the '697 Patent here today.").

Simply put, a stay in this case presents a much greater potential for simplification than in a typical case with a pending IPR. The multiple instituted grounds and heightened institution standard mean that the chances of the G&H PGR mooting this entire case are quite high, (in addition to the odds that the SWM Action will moot at least Count II).

**B.     The Case Is in Its Early Stages—the G&H PGR Was Filed at an Early Stage, and NexTier Acted Quickly in Moving for a Stay**

The early stage of this case also favors granting NexTier's requested stay. The claim construction hearing is not scheduled until December 20, 2021, full discovery does not open until

7

January 4, 2022, opening expert reports are not due until August 8, 2022, and trial is not expected until at least January 3, 2023—two months *after* the PTAB's statutory deadline to issue a final written decision in the PGR. See Dkt. 44 (Proposed Scheduling Order) at 6, and Dkt. 62 (Scheduling Order); 35 U.S.C. § 326(a)(11) (mandating that the "final determination in any post-grant review be issued not later than 1 year after the [institution date]"). In short, virtually all of the work necessary to bring this case to trial still remains to be completed—by both the parties and this Court—which weighs in favor of a stay. *Norman IP Holdings, LLC v. TPLink Techs., Co.*, No. 6:13-cv-384, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court."); *see also Lubrizol Specialty Prods., Inc. v. Baker Hughes Inc.*, No. H-15-2915, 2017 WL 2255579, at *2 (S.D. Tex. May 23, 2017) (granting a stay and determining the case was at an early stage because the parties had not provided expert reports, had not engaged in expert discovery, and had taken few depositions).

By way of comparison, in *Click–to–Call*, this Court granted a motion to stay pending IPR even though the parties had already initiated post-*Markman* discovery and the Court had set a trial date. *See Click–to–Call Techs. LP v. Ingenio, Inc.*, 2013 WL 11311782, at *2 (W.D. Tex. Dec. 05, 2013) ("it simply makes no sense for this Court to proceed in parallel with the PTAB. The finality of any judgment rendered by this Court will be dubious so long as the PTAB retains authority to review, and therefore invalidate, the asserted claims."). The earlier stage in this case means this factor weighs in favor of granting a stay.

NexTier is aware of this Court's denial of a motion to stay pending the outcome of a PGR earlier this year in *Kerr Machine*; however, the facts here are readily distinguishable. In *Kerr Machine*, the Court had issued a claim construction order, conducted two discovery hearings, and was five months away from trial, which the Court anticipated "[would] occur before the PGR's final written decision," and did not want to "squander those efforts." 2021 WL 1298932 at *3. None of those facts exist here—no claim-construction order has been issued and discovery has not begun. And, as this Court acknowledged in *Kerr Machine*, "[c]ourts regularly measure the early

8

stages of a case by whether the parties have started discovery and whether the court has issued a claim construction order." *Id.* (citation omitted).

Indeed, this motion comes before the Court while the case is in its early stages in large part because NexTier acted with reasonable dispatch in filing this motion for a stay, as did G&H in filing its PGR. *See Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, 6:18-CV-00207-ADA, 2019 WL 11706231, at *3 (W.D. Tex. 2019) ("The Court also considers 'whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay.'") (citation omitted). Here, G&H filed its Petition for PGR on May 10, 2021, well before the Case Management Conference on July 12, 2021 (*see* Dkt. 44 at 2) which means that the PTAB's final decision will be issued no later than November 1, 2022, more than two months before the currently proposed trial date (January 3, 2023). *Compare* 35 U.S.C. § 326(a)(11) (mandating a PGR final written decision be issued not later than 1 year after the institution date) *with* Dkt. 62 (setting the trial date). G&H then followed institution of its PGR by requesting a stay of the case DynaEnergetics brought against it within two weeks of the institution decision. *DynaEnergetics Europe GmbH v. Yellow Jacket Oil Tools, LLC*, Case No. 6:20-cv-01110 (W.D. Tex. Nov. 12, 2021) (Dkt. 58). Now, two weeks later, NexTier files this motion to stay.[6]

In view of the foregoing, the stage of the proceedings weighs heavily in favor of a stay.

**C.  DynaEnergetics Will Not Be Unduly Prejudiced or Tactically Disadvantaged if a Stay Is Granted, but There Is Hardship and Inequity to NexTier if the Action Is Not Stayed**

As a threshold matter, DynaEnergetics has acknowledged that it is not being irreparably harmed by NexTier's alleged infringement of the '697 Patent. *See* Exhibit J at 12:10–20 ("[T]he

---

[6] Given this Court does not generally grant motions to stay pre-institution, see *Multimedia Content Mgmt.*, 2019 WL 11706231, at *3 ("At the time this Motion was filed, the IPR Petition had not been instituted or denied by the PTAB; therefore, [with respect to the 'most important factor'] any simplification of the issues at trial after a PTAB decision will likely be minimal"), NexTier waited until after institution to move for a stay.

9

only Preliminary Injunction Motions that we filed are the two [in the Northern District of Texas] for SWM and Oso . . . we did not file a preliminary injunction motion because we did not think that the irreparable harm rose to the level of SWM and Oso."); 176:21-23 ("[The president of DynaEnergetics] knows who's irreparably harming him. It's Hunting, SWM and Oso. That's who he filed preliminary injunctions against"). Indeed, such admissions will likely preclude DynaEnergetics from obtaining a permanent injunction in this case, as it will not be able to show irreparable injury or that monetary damages are not sufficient. *eBay, Inc. v. MercExchange LLC*, 547 U.S. 388, 91 (2006). And the fact that DynaEnergetics has not sought a preliminary injunction against NexTier (or any other '697 Patent defendant in this Court), even though the prayer in the complaint requests a preliminary injunction, Dkt. 24 at 27, suggests "the threat of an injunction [was] employed simply for undue leverage in negotiations [and] legal damages may well be sufficient to compensate for infringement." *Id.* at 396–94 (Roberts, J., Concurring). This case concerns monetary compensation, and "mere delay in collecting [monetary] damages does not constitute undue prejudice." *Crossroads Systems, Inc. v. Dot Hill Systems Corp.*, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015); *Kirsch Research and Dev., LLC v. IKO Indus., Inc.*, 2021 WL 4555610, at *2 (W.D. Tex. 2021) (citing *Crossroads*) ("Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary concern").

Moreover, this Court has determined that, even considering the delay from an IPR through appeal, there is no prejudice to a plaintiff when the PTAB has already determined that there is a ***reasonable likelihood*** that defendants will succeed on their challenge. *Click–to–Call*, 2013 WL 11311782, at *1 (citing 35 U.S.C. § 314(a)). Here, that reasoning applies with more force, because the PGR will be resolved before the proposed trial date, and the PTAB has already determined that G&H has met the higher "more likely than not" standard in showing that the claims are unpatentable. 35 U.S.C. § 324(a).

If there is a risk of hardship and inequity, it lies in the prospect of incurring the "massive costs that proceeding with this litigation would entail," only to have it later determined on any one

10

of the multiple overlapping bases that DynaEnergetics was not actually entitled to pursue the asserted claims. *See Gen-Probe Inc. v. Amoco Corp. Inc.*, 926 F. Supp. 948, 964 (S.D. Cal. 1996).

In short, because a stay would only mean a delay in collecting monetary damages, DynaEnergetics will not be prejudiced by the stay, while NexTier faces hardship and inequity from failure to grant the stay given the anticipated expense of litigating '697 Patent claims that the PTAB has already determined are more likely than not to be unpatentable for multiple reasons.

**D.     The Southern District of Texas Has Stayed DynaEnergetics' Case Against Nexus**

Nexus, the third-party which filed the EPR, has also moved for a stay in the case that DynaEnergetics filed against it in the Southern District of Texas. Weighing the possibility of unfair prejudice (determined to be neutral) "against the likelihood that a stay will eliminate or simplify issues in this litigation and the stage of the litigation," J. Rosenthal found "that a stay is warranted." Exhibit K (*DynaEnergetics Europe GmbH v. Nexus Perforating LLC*, Case No. 4:21-cv-00280 (S.D. Tex. Nov. 16, 2021) (Dkt. 51)), at 8–9. Because J. Rosenthal granted the stay for many of the same reasons raised in this Motion (and because the situation in that case was not as favorable for a stay as in the present case), NexTier respectfully identifies it as relevant information for this Court to consider.

First, even though the G&H PGR would not cause Nexus to be estopped from raising invalidity defenses, J. Rosenthal specifically identified the potential of either the G&H PGR or the EPR to simplify or entirely dispose of the litigation. *Id.* at 6–7. Next, J. Rosenthal determined that the request for a stay came early in the litigation because the court there had not yet held a *Markman* hearing and the parties had not yet incurred substantial discovery burdens. *Id.* at 4. Finally, J. Rosenthal determined that there was neutral possibility of unfair prejudice to DynaEnergetics because a "stay will not diminish the monetary damages to which [DynaEnergetics] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy." Exhibit K at 8 (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014)).

In short, each of the three factors in the Nexus case was either comparable to this case or less favorable for a stay, but J. Rosenthal determined that they still weighed in favor of granting a stay.

## V. Conclusion

Given the unusual factual stance of this case, every factor—simplification, stage, and prejudice/hardship—strongly supports a temporary stay. NexTier respectfully asks the Court to stay this case pending resolution of the instituted PGR.

Dated:  November 26, 2021        Respectfully submitted,

/s/ *Amir Alavi*
Amir Alavi
State Bar No. 00793239
Demetrios Anaipakos
State Bar No. 00793258
Michael McBride
State Bar No. 24065700
Steven Jugle
State Bar No. 24083280
Joshua Wyde
State Bar No. 24060858
Louis Liao
State Bar No. 24109471
Colin Phillips
State Bar No. 24105937
Scott W. Clark
State Bar No. 24007003
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI
    & MENSING, P.C.
1221 McKinney Street, Suite 2500
Houston, Texas 77010
(713) 655-1101
(713) 655-0062
aalavi@azalaw.com
danaipakos@azalaw.com
mmcbride@azalaw.com
sjugle@azalaw.com
jwyde@azalaw.com
lliao@azalaw.com
cphillips@azalaw.com
sclark@azalaw.com

**ATTORNEYS FOR DEFENDANT NEXTIER COMPLETION SOLUTIONS INC.**

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on November 19, 2021, counsel for NexTier conferred with counsel for DynaEnergetics by email wherein counsel for DynaEnergetics stated that they oppose the relief sought in the present motion.

*/s/ Colin Phillips*
Colin Phillips

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed electronically on November 26, 2021. As such, this document was served on all counsel of record pursuant to the Federal Rules of Civil Procedure.

*/s/ Amir Alavi*
Amir Alavi